### THE RIPPOWAM CO. *v.* PETER R. STRONG.

Where, upon appeal, the judgment is reversed and a new trial is ordered, and no
provision is inserted in the order allowing either party to use, upon such new trial,
any of the testimony previously taken, the case stands in every respect as if no
trial had taken place; and it is error to allow, on such new trial, the evidence
taken on the former trial to be read from the printed case.

APPEAL from a judgment entered on the report of a referee.
The action was for goods sold and delivered. The cause was
referred, the referee reported in the plaintiff's favor, judgment
was perfected upon his report, an appeal was taken therefrom,
and, on the appeal, the judgment was reversed, and a new trial
was ordered. The order, omitting the recitals, was in the follow-
ing words:
\* \* \* "It is this day ordered that such judgment be re-
versed, and case referred back to the referee, either party to pro-
duce further testimony. Costs of trial and appeal to abide
event."

On the second trial before the same referee, the plaintiff's attor-
ney offered to read, from the printed case, the testimony taken on
the former trial. It was objected to by the defendant. The ob-
jection was overruled, and an exception taken; and, the referee
having reported in the plaintiff's favor, and judgment having
been perfected thereon, the defendant again appealed.

*S. Weir Roosevelt,* for the appellant.

*W. Silliman,* for the respondent.

By the Court, HILTON, J.—The order made by this court at general term upon the former appeal, in effect reversed the judgment entered upon the referee's report, and sent the case back for a new trial.

No provision was made whereby either party was permitted to use, upon such new trial, any of the testimony previously taken, and consequently the case stood in the same position, in every respect, as if no trial had taken place.

It appears that, on the new trial before the referee, he permitted the plaintiff to read in evidence all the former testimony in the case, notwithstanding the defendant objected. In this the referee erred. The defendant was entitled to have the witnesses examined orally, and in the usual manner; and, the referee's report being founded upon testimony improperly admitted in evidence, the judgment entered thereon must, for that reason, be reversed.

Judgment reversed and new trial ordered, costs to abide the event.